IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK SARRACINO,

    Petitioner,

v.  No. 23-cv-00897-JB-KRS

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Petitioner Derrick Sarracino's 28 U.S.C. § 2254 habeas petition. (Doc. 3) (Petition), and Motion to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 4 IFP Motion"), filed October 24, 2023.  Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Sarracino to show cause why his Petition should not be dismissed for failure to exhaust state court remedies.

### I. Background[1]

In 2023, Sarracino pled guilty to aggravated battery with a deadly weapon, aggravated battery upon a peace officer, and disarming a peace officer. (Doc. 3 at 2); *see* D-1116-CR-2023-00255, Judgment (10/12/2023). The presiding judge sentenced him to seven years in prison. Judgment at 3. Sarracino filed the Petition twelve days later.

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Sarracino's state court criminal dockets, case nos. M-147-FR-2023-00057 and D-1116-CR-2023-00255. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

## II. Analysis

A. <u>The Petition</u>.

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008); *see also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies . . . may be raised by a court *sua sponte*.").

The Petition and the state court dockets confirm that Sarracino did not properly present the issues raised in the Petition to the New Mexico Supreme Court—*i.e.*, by following the state's direct appeal process or by filing a state habeas petition. Instead, he almost immediately filed the § 2254 Petition. Sarracino shall have thirty days from the entry of this Order to show cause in writing why the Petition should not be dismissed without prejudice for failure to exhaust.

B. <u>The IFP Motion</u>.

Sarracino's inmate account statement shows that he does not have sufficient funds available to prepay the $5.00 habeas filing fee. (Doc. 11). Pursuant to 28 U.S.C. § 1915(b)(4), Sarracino shall

2

therefore be excused from prepaying the filing fee. Sarracino must promptly submit the filing fee in full if he has $10.00 or more in his inmate account. *See* 28 U.S.C. § 1915(b)(1) (The Court shall assess and, when funds exist, must collect, the filing fee).

### III. Conclusion

**IT IS ORDERED** that within thirty days of the entry of this Order, Sarracino must show cause in writing why any § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that the IFP Motion **(Doc. 4)** is **GRANTED**.

_____
UNITED STATES MAGISTRATE JUDGE