IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DERRICK SARRACINO,

    Petitioner,

vs.  No. CIV 23-0897 JB/KRS

ATTORNEY GENERAL FOR THE STATE
OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed October 24, 2023 (Doc. 3)("Petition"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, previously ordered Sarracino to show cause why the Court should not dismiss his Petition without prejudice for failure to exhaust state remedies. See Order to Show Cause, filed June 28, 2024 (Doc. 12)("OSC"). Because Sarracino has not responded to the OSC, and having reviewed the record and applicable law, the Court dismisses the Petition without prejudice.

## BACKGROUND[1]

In 2023, Sarracino pled guilty to aggravated battery with a deadly weapon, aggravated battery upon a peace officer, and disarming a peace officer. See Petition at 2; Judgment, filed October 12, 2023, State of New Mexico v. Derrick Sarracino, No. D-1116-CR-2023-00255

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Sarracino's state court criminal docket, State of New Mexico v. Derrick Sarracino, No. D-1116-CR-2023-00255 (County of San Juan, 11th Judicial District, State of New Mexico). See United States v. Smalls, 605 F.3d 765, 768 n.2 (10th Cir. 2010)(recognizing a court may take judicial notice of docket information from another court).

(County of San Juan, 11th Judicial District, State of New Mexico)("Judgment"). The presiding judge sentenced him to seven years in prison. See Judgment at 3. Sarracino filed the Petition twelve days later. See Petition at 1.

On June 28, 2024, Magistrate Judge Sweazea grants the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed October 24, 2023 (Doc. 4)("IFP Motion"), and directs Sarracino to show cause why the Court should not dismiss the Petition for failure to exhaust state remedies. See OSC at 3. The OSC warns that, if Sarracino fails to respond timely, the Court may dismiss this action without prejudice. See OSC at 3. The deadline to file a show-response was July 29, 2024. Sarracino has not complied or taken any further action in this case.

## **LAW REGARDING § 2254 AND EXHAUSTION OF STATE REMEDIES**

28 U.S.C. § 2254 provides: "A district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a state prisoner challenges his custody, and by way of relief seeks to vacate his sentence and obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975).

A court may not grant a writ of habeas corpus unless the applicant has exhausted State remedies. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever, 36 F.3d at 1534. "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." Williams v. Trammell, 782

F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Williams v. Trammell, 782 F.3d at 1210. See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the petition's face. United States v. Mitchell, 518 F.3d 740, 746 n.8 (10th Cir. 2008). As the United States Court of Appeals for the Tenth Circuit explains, "habeas proceedings are different from ordinary civil litigation and, as a result, usual presumptions about the adversarial process may be set aside." United States v. Mitchell, 518 F.3d at 746. In addition, the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010 ("Habeas Corpus Rules"), require sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer . . . ." Habeas Corpus Rule 4.

## ANALYSIS

Sarracino challenges his state court conviction. See Petition at 1. It is clear, however, from the Petition and the State court docket that Sarracino did not present properly the issues raised in the Petition to the Supreme Court of the State of New Mexico or the State Court of Appeals for the State of New Mexico, i.e., by following the State's direct-appeal process or by filing a State habeas petition. Instead, he almost immediately filed the § 2254 Petition. Sarracino, therefore,

has not met the exhaustion requirement. Accordingly, the Court dismisses this matter without prejudice for refiling after the exhaustion process is complete. Sarracino must challenge his prison disciplinary proceeding through a State habeas petition with the trial court and, if that is not successful, a certiorari appeal with the Supreme Court of New Mexico, before the Court can review the federal claims.

## CERTIFICATE OF APPEALABILITY

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court may issue a Certificate of Appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons discussed above, Sarracino has not shown reasonable jurists would debate this ruling. The Court therefore denies a COA.

**IT IS ORDERED** that: (i) the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254, filed October 24, 2023 (Doc. 3) is dismissed without prejudice; (ii) a COA is denied; and (iii) a separate Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Derrick Sarracino
Farmington, New Mexico

   *Petitioner pro se*